UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WRENZOLA M. ESTES, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 05 C 5301 |
| v. | ) ) Judge John W. Darrah |
| JOHN E. POTTER, Postmaster General of the United States Postal Service, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Wrenzola Estes, filed suit against Defendant, John Potter, Postmaster General of the United States Postal Service, alleging race discrimination (Count I) and retaliation (Count II). Presently pending before the Court is Defendant's Motion to Dismiss Count I.

A reading of Plaintiff's Amended Complaint, and matters within the public record of which the Court takes judicial notice, supports the following summary of the alleged conduct of the parties.

Estes, an African-American, was employed by the U.S. Postal Service. On May 5, 2003, Estes filed her first formal Equal Employment Opportunity ("EEO") complaint, alleging race and sex discrimination. On August 30, 2004, Estes' first EEO complaint was denied by the Equal Employment Opportunity Commission ("EEOC"). On September 14, 2004, the postal service issued its final agency decision ("FAD"), adopting the EEOC's opinion. Estes appealed to the EEOC Office of Federal Operations ("EEOC Appeals"), which affirmed the FAD on April 12, 2005. In its decision, the EEOC Appeals informed Estes that she had the right to file a civil action in the appropriate federal court within ninety calendar days of receipt of the decision.

On January 10, 2004, Estes filed a second formal EEO complaint, claiming race discrimination and retaliation, stemming from when: (1) she was issued a Letter of Warning on September 5, 2003; (2) she had an accident and was issued a seven-day suspension on September 15, 2003; and (3) she was issued a fourteen-day suspension on November 7, 2003. On September 28, 2004, the EEOC denied Estes' second EEO complaint. On October 1, 2004, the postal service issued its FAD, adopting the EEOC's opinion. Estes appealed to the EEOC Appeals, which affirmed the FAD on January 18, 2005. In its decision, the EEOC Appeals informed Estes that she had the right to file a civil action in the appropriate federal court within ninety calendar days of receipt of the decision. Estes filed her initial Complaint in the instant case, *pro se*, on September 16, 2005.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Defendant argues that Count I of Estes' Amended Complaint should be dismissed because it was filed outside the applicable statute of limitations.[1]

---

[1]Estes did not file a brief in response to Defendant's motion.

After a federal employee files an administrative complaint of discrimination, she may file a civil action in the appropriate federal court either within 90 days of receipt of a final agency decision or after 180 days from the date of filing the administrative complaint if no final administrative decision has been issued. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a), (b). Dismissal is appropriate when a federal employee fails to comply with these filing deadlines. *See Robbins v. Bentsen*, 41 F.3d 1195, 1997-99 (7th Cir. 1994).

Here, the EEOC issued its final decisions on Estes' EEO complaints on April 12, 2005, and January 18, 2005, respectively. Both decisions advised Estes of the ninety-day period in which to file a civil suit in federal court. Therefore, Estes had until July 18, 2005, to file a civil suit following the denial of her first EEO complaint and by April 25, 2005, to file a civil suit following the denial of her second EEO complaint. Estes did not file suit until September 16, 2005. Accordingly, Estes' claim of discrimination is untimely.

Based on the above, Defendant's Motion to Dismiss Count I is granted. Count I is dismissed with prejudice.

Dated: 9-20-06

JOHN W. DARRAH
United States District Court Judge